EDGINGTON *v.* MABREY ET AL.

[71 South. 801.]

WILLS. *Action to determine validity. Submission of issues to jury.*

Under Code 1906, section 1999, so providing, on the trial of an issue to determine the validity of a will which has been duly probated, such probate shall be *prima facie* evidence of the validity of the will, and on the trial of an issue *devisavit vel non*, the decedent's will having been admitted to probate and the entire probate proceedings being in the record, failure to submit them to the jury was reversible error.

APPEAL from the chancery court of Holmes county.

HON. J. F. McCOOL, Chancellor.

Application by Mary Lee Edgington for the probate of the will of Mrs. J. M. McDurmitt, deceased; upon admission of will to probate, W. A. Mabry and others appeared and objected. Upon judgment for objectors, upon trial of *devisavit vel non,* proponent appeals.

This is an appeal from the action of the chancellor in granting a peremptory instruction to the jury on an issue *devisavit vel non* to find in favor of the contestants of what purported to be the last will and testament of Mrs. M. J.

McDurmitt, deceased.  On July 2, 1891, Mrs. M. J. Mc-
Durmitt and Mrs. M. E. Smith, who were sisters and
tenants in common of certain land in Holmes county, Miss.,
executed the following:

Last Will and Testament of M. E. Smith and

M. J. McDurmitt.

Filed 3/21/1913, at 5 p. m., and recorded 3/21/1913.

P. H. Murphey, Clerk.

"In the name of God Am......we, M. E. Smith......
M. J. McDurmitt of the County of Holmes and State of
Mississippi of the ages of M. E. Smith forty-tw......and
M. J. McDurmitt fifty-th......of sound mind and mem--
ory do make and declare this my last will -and testamen·
......in the manner of following we do give and bequeath·
to Pearl Griffith McDurmitt, Mary Lee McDurmitt and
Mattie Ward McDurmitt E. ½ of S. W. ¼ Section 21,.
Township 13, Range 4 East N. E. ¼; less 37 acres of N.
end W. ½......south corpor......Section 20, Township
13 Range 4 E. E. ½ N. E. ¼. N. E. ¼ S. E. ¼ 8 acres in S.
W. ¼ S. E. ¼..Section 19, Township.13, Range 4 E. E. ½.
S. W. ¼ less 10 acres S. W. ¼ S. W. ¼ Section 20 Town-
ship 13 Range 4 E. W. ½ S. W. ¼ Section 21 Township 13
Range 4 E. Lots 2—3—41 & 4 a. in the Town of Goodman
gin and mill boiler engine and saw mill and all fixtures
there belonging to household and kitchen furniture twenty
head of cattle to be equally devided between Pearl Griffen
McDurmitt Mary Lee McDurmitt ·but in case of death the
Property belonging to the deceased shal. belong to the
living ones and their heirs &......her by appoint L. S.
McD......our executor to carry out this our last will and
testament we also appoint L. A. McDurmitt guardian of
Pearl Griffen McDurmitt Mary Lee McDurmitt and Mattie·
Ward McDurmitt also do not require him to give bond nor·
security nor for the courts to require him to give bond nor·
security to carry out this my last will and testament while·
we are live......or dead as the property now belongs to·
the three named children from the date herein given In

testamony whereof we hereunto set our hands and seal
this the 2nd day of July A. D. 1891.

"M. E. Smith.        [S.]
"M. J. McDurmitt.        [S.]

"Witnesses: D. E. Unger.
"G. L. Cowsert.
"State of Mississippi, Holmes County.

"This day personally came before me the undersigned
Mayor of the town of Goodman, and Ex-Officio a Justice of
the Peace in a......for said County and State, the within
named Mrs. M. E. Smith and M. J. McDurmitt whose
name is subscribed to the within instrument of writing who
severally acknowledged that they signed, sealed and de-
livered the same in the preasants of D. E. Unger and G. L.
Cowsert witnesses as there......and deed, and for the
perp......therein set forth on the d......and year there-
in written. In testimony wh......witness my hand and
......of office the 11th day of J......1892.

"R. J. Moody,

"May......of Goodman & Ex-Officio J. P."

Filed March 21st, 1913.

After this instruement had been acknowledged it was
placed in a safe, to which Mrs. McDurmitt carried the
key, which seems to have been lost, and several years after
the death of Mrs. McDurmitt this will was discovered in
this safe among other old papers.   Before the death of
Mrs. McDurmitt she and Mrs. Smith partitioned the prop-
erty between themselves, and Mrs. Smith sold all of the
property allotted to her.   Mrs. Smith is still living and has
moved to another county.   Mrs. McDurmitt disposed of
some of the property allotted to her and died leaving a
portion of it undisposed of, and her son L. A. McDurmitt,
as her heir at law, came into possession of it and sold it
to the appellees before the discovery of this purported will.
After the discovery of the will the appellant (formerly
Mary Lee McDurmitt) one of the beneficiaries under said
will, offered the same for probate, and G. L. Cowsert, one
of the subscribing witnesses, appeared before the chancery

clerk and made affidavit that it was the last will of Mrs.
M. J. McDurmitt, deceased, and that it was signed, pub-
lished, and declared by her on the date of its execution, and
that same was signed in his presence and in the presence
of Unger, the other subscribing witness, and that the tes-
tatrix was then of sound and disposing mind, more than
twenty-one years of age, and a resident of Holmes county,
Miss., and that he and Unger—

"attested as witnesses to the signature and publication
thereof at the special instance of said testatrix and in the
presence of said testatrix and in the presence of each other
on the day and year of the date of said instrument."

The will was thereupon admitted to probate, and the
appellees as contestants appeared and objected, and the
court thereupon summoned a jury, and an issue *devisavit
vel non* was made up and evidence taken down by a
stenographer, and the court examined certain witnesses
offered by the proponents of the will, who were not rep-
resented by counsel. Appellees were represented by coun-
sel, and after the proof had been taken, the court instructed
the jury to find for the objectors. Section 1999 of the Code
of 1906 referred to in the opinion is as follows:

"On the trial of an issue made up to determine the
validity of a will which has been duly admitted to probate,
such probate shall be *prima facie* evidence of the validity
of the will."

*Thomas S. Bratton* and *Geo. Butler,* for appellant.

*Boothe & Pepper,* for appellees.

COOK, P. J., delivered the opinion of the court.

A careful examination of this record convinces us that
two things happened on the trial of the issue *devisavit vel
non,* i. e.: (a) The proponents were not adequately repre-
sented at the trial; (b) there was sufficient evidence before
the jury to warrant a finding in favor of the will. The
probate of the will by the clerk was alone *prima facie*

evidence of the validity of the will, and this, together with the other evidence, should have been submitted to the jury, Code 1906, section 1999. We think that the instrument had many earmarks of a will, indeed, we are of opinion that the language of the instrument pretty clearly indicates that the signers intended to make a will. Of course, the objectors were entitled to whatever advantage the skill of their counsel gave them, but when the court undertakes to represent the proponents, as was done in this case, it seems to us that he should have seen to it that the formal evidence, the probate proceedings, were introduced in evidence. It is not entirely clear how much, if any, of the proceedings went to the jury. Counsel for the objectors insist that only the testimony of the witnesses delivered orally, and taken down by the stenographer, should be considered on this appeal. The entire probate proceedings are in this record, and should have been submitted to the jury.

Inasmuch as courts are organized to try controversies on their merits, and because, if appellees are to be believed, this case was not so tried, we will reverse this cause and remand for a trial *de novo* of the issue *devisavit vel non.*

*Reversed and remanded.*